UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHANA SAGAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-1150 (RCL) |
| ) | |
| CHUCK CONNER, in his capacity as ) | |
| Acting Secretary of the United States ) | |
| Department of Agriculture[1/] ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE COURT OF FEDERAL CLAIMS

Defendant United States of America by and through undersigned counsel, hereby moves for dismissal of all claims pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Specifically, Plaintiffs' Complaint is barred by the doctrine of sovereign immunity, fails as a matter of law, or must be brought before the Court of Federal Claims.

In support of this Motion, the Court is referred to the accompanying Memorandum of Points and Authorities and proposed Order attached hereto.

---

[1/] Pursuant to Fed. R. Civ. P. 25(d)(1), the Honorable Chuck Conner is being substituted for Mike Johanns, as Acting Secretary of the U.S. Department of Agriculture.

          Respectfully submitted,


            /s/ Jeffrey A. Taylor
          JEFFREY A. TAYLOR, D.C. BAR # 498610
          United States Attorney


            /s/ Rudolph Contreras
          RUDOLPH  CONTRERAS, D.C. BAR # 434122
          Assistant United States Attorney


            /s/ Darrell C. Valdez
          DARRELL C. VALDEZ, D.C. BAR # 420232
          Assistant United States Attorney
          Judiciary Center Building
          555 4th St., N.W., Civil Division
          Washington, D.C.  20530
          (202) 307-2843


Agency Counsel:

Mark G. Garrett
Office of the General Counsel
Room 3311, South Building
14th and Independence Avenue, SW
Washington, D.C.  20250-1415

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARCHANA SAGAR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  07-1150 (RCL) |
| ) | |
| CHUCK CONNER, in his capacity as ) | |
|    Acting Secretary of the United States ) | |
|    Department of Agriculture ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO THE COURT OF FEDERAL CLAIMS

Plaintiffs filed a civil action on June 27, 2007, ("Complaint") alleging discrimination, a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., ("RICO"), and tortious interference with contract in violation of federal statute, the laws of the District of Columbia,[1] and the Fifth and Thirteenth Amendments to the U.S. Constitution. Complaint at ¶ I.  After the initial paragraph in Plaintiffs' Complaint, however, it becomes difficult to discern exactly which causes of action the Plaintiffs are attempting to establish or how the Plaintiffs intend to establish such causes of action.  Indeed, Plaintiffs' Complaint contains numerous allegations regarding violations of alleged contract provisions and FAR regulations, yet Plaintiffs fail to raise the specific claim of breach of contract.

Giving the Complaint a liberal interpretation, it appears that Plaintiffs intend to establish the following: (1) the government conspired to destroy Plaintiffs' business in violation of the

---

[1] Plaintiffs fail to cite to any law of the District of Columbia, and Defendant asserts that no local law can be applied against an agency of the Federal government.

RICO statute; (2) the government interfered with Plaintiffs' contracts in violation of the Federal Tort Claims Act ("FTCA"); (3) the government violated the Fifth and Thirteenth Amendments to the U.S. Constitution; (4) the government discriminated against Plaintiffs in violation of Title VII of the Civil Rights Act of 1964; and (5) the government breached its contracts with Plaintiffs.[2]

Irrespective of how the matter is styled by Plaintiffs, this case is, in truth, merely a continuation of an ongoing dispute between Plaintiffs and their main competitor, John Graney,[3] president of IRM Consulting Group, Inc. ("IRM"). After Plaintiffs failed to recover damages from IRM in a private suit, they filed the present matter against the present Defendant in order to force Defendant to sever business dealings with IRM. Nevertheless, Plaintiffs' Complaint suffers from various infirmities. The claims under the RICO, the FTCA, and the Constitution are barred by the doctrine of sovereign immunity. In addition, the constitutional claims also fail as a matter of law. To the extent that any breach of contract claims survive this motion, this Court lacks jurisdiction as such claims can only be brought before the United States Court of Federal Claims.

---

[2] Curiously, breach of contract is the only cause of action supported by allegations contained in the Complaint, yet Plaintiffs fail to plead it. The rationale for this failure is discussed below.

[3] The Plaintiffs and Mr. Graney have a long and melodramatic history, which appears to stem from the souring of Plaintiffs' relationship with Mr. Graney due to allegations of breached teaming arrangements, withheld profit sharing, and cross-allegations of criminal and tax misconduct. This animosity is the cause for the curious inclusion of various allegations that, if true, would justify a cause of action against Mr. Graney rather than the government. See, e.g., Complaint at ¶¶ XIII ("Each of these four Pixl consultants did not leave at this time despite the current financial duress and prior fraudulent business slander under District of Columbia law by a rumor mill by John Graney, president of IRM Consulting Group, Inc., calling Pixl 'history' in front of many INFRA Project consultants and labeling Pixl 'a poison pill'. . . ."), XIV (alleging Pixl payment of $768,000 to IRM under duress).

## STATEMENT OF FACTS

Plaintiff Archana Sagar owns 75% of Plaintiff Pixl, Inc. ("Pixl"). Complaint at ¶ III. Plaintiff Ajay Sagar, Archana Sagar's husband, owns the remaining 25% of Pixl. Id. The Sagars are both naturalized citizens and were born in India. Id. Plaintiffs are contractors with the United States Department of Agriculture ("USDA"), Forest Service. Complaint at ¶ VIII. USDA awarded Plaintiffs contracts in 1999 and 2004 for the INFRA Project ("INFRA Contracts"). Complaint at ¶ XVII. Plaintiffs claim over $5,700,000 in actual contract damages. Complaint at Exhibit 4 (Calculation of USDA Forest Service Damages to Pixl Inc. as of June 25, 2007).

Plaintiffs name the Secretary of the USDA[4] as the sole Defendant. Complaint at ¶ IV. Plaintiffs allege that the USDA somehow violated a contractual entitlement that Plaintiff Pixl had with the USDA Forest Service for a majority of labor category positions in the INFRA Project,[5] Complaint at VIII; and colluded with IRM to violate other contract provisions that USDA had with Plaintiffs. See generally Complaint.[6] Thus, Plaintiffs allege that they suffered monetary damages, and ask for compensatory, punitive, and exemplary relief. Id.

---

[4] The Honorable Mike Johanns resigned on September 19, 2007. The Acting Secretary of USDA is the Honorable Chuck Conner.

[5] Interestingly, although Plaintiffs make the conclusory allegation that they have a contract for the majority of labor category positions in the INFRA Project, they fail to provide any contract or other binding document evidencing such a provision.

[6] Plaintiffs allege that the Defendant violated: (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Complaint at ¶ XXII; (2) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., see Complaint at ¶¶ II, XI, XIII; (3) the Fifth and Thirteenth Amendments to the United States Constitution ("Fifth Amendment" and "Thirteenth Amendment"), see Complaint at ¶ ¶ I, XVI; (4) Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, see Complaint at ¶ XVII; and (5) the Federal Acquisition Regulations, the Competition in Contracting Act of 1984, and the Contract Disputes Act. See Complaint at IX and XXI.

# ARGUMENT

I. **Standard of Review.**

The standard to be applied in deciding a motion to dismiss is well-established. For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C. 1996). Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted. See Bell Atlantic Corp. v. Twombly, __U.S. __, 127 S.Ct. 1955, 1969 (2007) ("once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint"). A court must dismiss a complaint where, even assuming all the factual allegations are true, plaintiffs have failed to establish a right to relief based upon those facts.

    A. **Motion to Dismiss Under Federal Civil Rule 12(b)(6).**

In making determinations on a motion to dismiss under Rule 12(b)(6), a court must view facts alleged in the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (*opinion limited by* Twombly, 127 S.Ct. 1955); Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C. 2001), *citing*, Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998). However, while it is necessary for the court to construe the complaint in a plaintiff's favor, the court "need not accept inferences drawn by the plaintiff[ ] if such inferences are not supported by the facts set out in the complaint." Kowal v. MCI Communications, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Furthermore, the Court is not required to accept a plaintiff's legal conclusions, even when couched as factual assertions. See Papasan v. Allain, 478 U.S. 265, 286 (1986) (in determining a motion to dismiss, a court need not accept as true conclusory allegations couched as a factual allegation). See also Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997) ("Courts accept plaintiffs' allegations of fact, not their conclusions of law"); Major v. Plumbers Local Union No. 5, 370 F. Supp.2d 118, 123 (D.D.C. 2005) ("Conclusory legal and factual allegations, however, need not be considered by the court"). "Although the court must accept the plaintiff's version of the facts as true, the court need not accept the 'plaintiff's *characterization* of the facts." Fisher Bros. Sales Inc. v. United States, 46 F.3d 279, 286 (3rd Cir. 1995)) (emphasis in original). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (*quoting* Papasan, 478 U.S. at 286). In this case, ignoring the Plaintiffs' conclusory allegations, Plaintiffs fail to establish a right to relief on the substantive claims asserted.[7]

     **B.**     **Motion to Dismiss Under Federal Civil Rule 12(b)(1).**

Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) require a similar standard of review as those for failure to state a claim. However, a plaintiff bears the burden of establishing subject matter jurisdiction. See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Barid v. United States, 653 F. 2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982). A court may resolve a motion to dismiss for

---

[7] Defendant, of course, does not concede that the factual allegations in the Complaint are true and, in fact, would dispute many of them if this matter could survive.

lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the Complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the Complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.[8/] Applying these standards, Plaintiffs' Complaint should be dismissed.

## II. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' RICO, FTCA and Constitutional Tort Claims.

The United States, as a sovereign, is immune to all suits, except in accordance with the explicit terms of the statutory waiver of such immunity. Hercules v. United States, 516 U.S. 417, 422-423 (1996); Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990); see also United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985); Pullen v. United States, No.CIV.A. 96-1211 (RCL), 1997 WL 350003, *2 (D.D.C. June 11, 1997). Because a waiver of sovereign immunity must be strictly construed in favor of the sovereign, a waiver of sovereign immunity "is to be read no more broadly than its terms require." Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 712 (D.C. Cir. 1997). Additionally, "any ambiguities in the statutory text must be resolved in favor of immunity." United States v. Williams, 514 U.S. 527,

---

[8/] It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F. 2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F.Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

531 (1995). For example, to sustain a claim for monetary damages against the United States, the waiver of sovereign immunity "must extend unambiguously to such monetary claims." Lane v. Pena, 518 U.S. 187, 192 (1996) (*citing* United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992)); see also Bienvenuti v. Dep't of Defense, 587 F.Supp. 348, 351-352 (1984). In short, sovereign immunity operates as a jurisdictional bar to suit without an otherwise explicit waiver of such immunity by the United States. See Flatow, 74 F.Supp.2d at 21.

In the case at hand, Plaintiffs rely on the waiver of sovereign immunity provided by "28 U.S.C. Section 1331, the Federal Tort Claims Act (FTCA), 18 U.S.C. Section 1964, and 28 U.S.C. Section 1343 . . . supplemental and pendent jurisdiction under 28 U.S.C. 1367." Complaint at ¶ II. As discussed below, the statutes relied upon by Plaintiffs fail to constitute a waiver of sovereign immunity for Plaintiffs' claims.

### A. Statutes Conferring the Jurisdiction of the Court Over Federal Actions Do Not Waive the Government's Sovereign Immunity.

Preliminarily, it is well-settled that statutes conferring jurisdiction upon the Federal Courts, such as 28 U.S.C.§§ 1331, 1343, and 1367, merely grant original jurisdiction upon the District Courts for claims against the United States. They do not constitute a waiver of the Federal government's sovereign immunity. Salazar v. Heckler, 787 F.2d 527, 528 (10th Cir. 1986) (The language of 28 U.S.C. §1343 "does not by itself include any waiver of the sovereign immunity of the United States"); North Side Lumber Co. v. Block, 753 F.2d 1482, 1484 and n. 3 (9th Cir.), cert. denied, 474 U.S. 919 (1985) (claims against the federal government under §1331 are barred by sovereign immunity unless the government has consented to suit through other statutes); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir.1972) (28 U.S.C. §§ 1331 and 1343

"may not be construed to constitute a waiver of the federal government's defense of sovereign immunity"); Byrd v. Smith, 693 F. Supp. 1199, 1201 (D.D.C. 1986) (28 U.S.C. § 1343 does not "constitute [a] waiver[ ] by the United States to its sovereign immunity."). See also United States v. Testan, 424 U.S 392, 400 (1976) (statutes conferring jurisdiction of actions against the United States upon the Federal Courts do not waive the government's sovereign immunity, but rather a grant of a right of action against the United States must be made with specificity). Thus, those statutes presume that a waiver of sovereign immunity exists under some other federal statute. Doe v. Civility, 635 F.2d 88, 94 (2nd Cir.1980) ("Section 1331 is in no way a waiver of sovereign immunity. Such a waiver, if it exists at all, must be sought in the statute giving rise to the cause of action"); Salazar, 787 F.2d at 529 (When federal court's jurisdiction is invoked pursuant to any of these statutes, the Court "must look to the specific 'Act of Congress providing for the [claim]' invoked to determine whether that Act by its terms expresses Congress' consent to suits against the United States by persons in the plaintiff's position").

Here, the only statutes cited by Plaintiffs that actually create a cause of action are the RICO, FTCA, and Title VII. However, neither statute waives sovereign immunity for Plaintiffs' claims. Moreover, to the extent that Plaintiffs' complaint may be viewed as raising a claim for damages for a constitutional violation, sovereign immunity, again, bars Plaintiffs' claims.

**B.      Plaintiffs' RICO Claim Is Barred by Sovereign Immunity.**

The only named Defendant in the Complaint is the Secretary of the USDA in his official capacity as Secretary of the United States Department of Agriculture. Complaint at ¶ IV. A suit against the Secretary in his official capacity is, in fact, a suit against the USDA. See Moment v. District of Columbia, 2007 U.S. Dist. LEXIS 19458, *3 n.3 (D.D.C. Mar. 20, 2007) ("'an

8

official-capacity suit is . . . to be treated as a suit against the entity'") (*quoting* Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  In the present suit against the Secretary of the USDA, Plaintiffs brought a claim that "arises under the Racketeer Influenced and Corrupt Organizations (RICO) Act."  Complaint at ¶XXII.  Specifically, Plaintiffs allege that Defendant, through his Federal employees, conspired with others to ruin Plaintiffs' business in violation of the RICO. See Complaint at ¶ XXII.  Yet, RICO does not contain a waiver of sovereign immunity by the federal government.  Brown v. Wachovia Bank, No. 06-0153 (RMC), 2007 WL 1378491 *5 (D.D.C. May 10, 2007).

It is well-settled that RICO claims asserted against the government are without legal merit and are frivolous.  See, e.g., Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) ("it is clear that there can be no RICO claim against the federal government").  Because a predicate for a civil RICO action is "racketeering activity," 18 U.S.C. § 1962, the courts have held that neither the government nor its agencies can form the requisite "malicious intent," Lancaster Community Hosp. v. Antelope Valley Hosp., 940 F.2d 397, 404 (9th Cir.1991), cert. denied, 502 U.S. 1094 (1992) (and cases cited therein).  See Wilkie v. Robbins, __ U.S. __, 127 S.Ct. 2588, 2605-2606 (2007) (because a federal agency and its employees acting within their duties do not violate the Hobbs Act, nor can they be deemed to have committed a predicate State offense, a RICO claim cannot be sustained), nor are federal agencies subject to state or federal criminal prosecution for "racketeering activity."  Pieczenik v. Domantis, 120 Fed. Appx. 317, 320 (Fed.Cir. 2005); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991).  Additionally, Court's have held that the federal government does not fall within the statute's definition of a "person" capable of violating RICO, Pieczenik, 120 Fed. Appx. 320;

United States v. Bonanno Organized Crime Family, 879 F.2d 20, 21-27 (2d Cir.1989).  Nor can a violation of RICO be inferred against the government by the acts of its employees under a *respondeat superior* or agency theory.  Lancaster Community Hosp., 940 F.2d at 404.  Thus, there can be no RICO claim against the government, and Plaintiffs' Complaint should be dismissed.

        C.      **Plaintiffs' FTCA Claim Is Barred by Sovereign Immunity.**

The FTCA operates as a limited waiver of sovereign immunity allowing, at least for certain claims and under specific circumstances, the United States to be sued for torts "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674; see also Eagle-Picher Industries, Inc. v. United States, 937 F.2d 625, 627-628 (D.C. Cir. 1991).  There are, however, exceptions to the limited waiver of sovereign immunity for several classes of torts.  Specifically, the United States has not waived its sovereign immunity for "[a]ny claim arising out of libel, slander, . . . or interference with contract rights."  28 U.S.C. § 2680(h).  This jurisdictional bar includes claims for interference with any economic advantage or relationship between two parties.  Art Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1157-58 (D.C. Cir.1985).  And courts have consistently held that claims of "false light" are barred by the libel and slander exception as well.  Johnson v. Sawyer, 47 F.3d 716, 732 n. 34 (5th Cir.1995); Metz v. United States, 788 F.2d 1528, 1535 (11th Cir.1986); Edmonds v. United States, 436 F.Supp.2d 28, 35 (D.D.C. 2006).  Accordingly, there can be no claim for interference with contract, nor "false light" or "fraudulent representation" against the government, and the

Plaintiffs' tort claim must be dismissed.[9]

    **D.    Title VII Does Not Waive Sovereign Immunity or Otherwise Create a Cause of Action Arising Out of a Non-Employment Contract.**

It is unclear to what extent Plaintiffs are attempting to assert a claim under Title VII. Nevertheless, their allegations fail to demonstrate a waiver of sovereign immunity or any jurisdiction of this Court under Title VII for claims involving breach of a non-employment contract. Title VII prohibits discrimination in employment. See 42 U.S.C. §2000e-2 ("Unlawful Employment Practices"). Accordingly, "only those individuals 'in a direct employment relationship with a government employer' may maintain a suit against the government pursuant to Title VII." Bryant v. Orkand Corp., 407 F. Supp.2d 29, 33 (D. D.C. 2005) (*quoting* Spirides v. Reinhardt, 613 F.2d 826, 829 (D.C. Cir. 1979)).

Plaintiffs fail to allege, nor can they, that they were employed by the Federal government, or that they have suffered any discrimination in a Federal employment action. Rather, it is undisputed that Plaintiffs' relationship with the federal government is solely as a contractor for services. Complaint at ¶ V ("The plaintiffs bring this action . . . to secure rights arising from federally awarded 8(a) contracts. . . ."). Thus, Plaintiffs have failed to demonstrate that Title VII waives sovereign immunity for their claims, or that they have any cause of action under Title VII as a matter of law.

    **E.    Plaintiffs' Constitutional Claims Are Barred by Sovereign Immunity.**

In their Complaint, Plaintiffs allege that Defendant denied Plaintiffs procedural due process and substantive property rights in violation of the Fifth Amendment (Due Process) and

---

[9] In any event, Plaintiff failed to timely exhaust his administrative remedies pursuant to the FTCA, as he failed to file an administrative claim under 28 U.S.C. § 2401.

Thirteenth Amendment (Slavery and Involuntary Servitude). However, the United States has not waived sovereign immunity for money damages claims alleging constitutional torts. FDIC v. Meyer, 510 U.S. 471 (1994); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1317 (D.C. Cir. 1984); see also Laswell v. Brown, 683 F.2d 261 (8th Cir. 1982); Birnbaum v. United States, 588 F.2d 319, 327-328 (2nd Cir. 1978). As demonstrated above, Plaintiffs' Complaint does not contain any colorable basis for such a waiver. Nor is there a waiver of sovereign immunity for actions brought under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), against the government, and Bivens-type actions against the United States and its agencies "are routinely dismissed for lack of subject matter jurisdiction." Keene Corporation v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983). See also Schweiker v. Chilicky, 487 U.S. 412, 425 (1988) (no action against a federal agency for due process violation). Therefore, to the extent Plaintiffs assert a constitutional violation claim for money damages against the United States, such claim must be dismissed for lack of subject matter jurisdiction.

**III.    Plaintiffs' Civil Rights Claims All Fail as a Matter of Law.**

Even if the Court were to have jurisdiction over the Plaintiffs' constitutional violation claims, Plaintiffs fail to set forth a claim upon which relief may be granted. Throughout their Complaint, Plaintiffs mention at various times and in various contexts the Fifth and Thirteenth Amendments. Specifically, Plaintiffs allege that they are being discriminated against on the basis of sex, color and national origin. However, Plaintiffs' discrimination claim brought under the due process provisions of the Fifth Amendment fails because, even taking these alleged facts as true, Plaintiffs have an adequate remedy, and are afforded appropriate due process under the

statutes governing federal contracts and claims of breach of contract by the government.

"The Fifth Amendment proscribes discrimination at least insofar as the discrimination is 'so unjustifiable as to be violative of due process.'" Bell & Howell Co. v. Nat'l Labor Relations Bd., 598 F.2d 136, 149 n. 42 (*quoting* Bolling v. Sharpe, 347 U.S. 497, 499 (1954)). However, Plaintiffs' discrimination claim arises from the same allegations as, and is otherwise remediable under, their contractual claims. In such cases, the Fifth Amendment will not provide an alternative remedy to an action for breach of contract. See Plaintiffs in Winstar-Related Cases v. United States, 37 Fed. Cl. 174, 187 n. 9 (1997) ("The Fifth Amendment . . . provides a remedy under circumstances in which no other remedy is available, and thus does not address plaintiffs' injury, which is redressable in contract."), aff'd sub. nom Ariadne Financial Services Pty. Ltd. v. United States, 133 F.3d 874 (Fed. Cir. 1998), cert. denied 525 U.S. 823 (1998); Evers v. Barnhart, No. 04C2189, 2005 WL 1651177, at *10 (N.D. Ill. 2005) ("[T]he comprehensive system of remedies for resolving government contract suits via the Contracts Disputes Act precludes a private cause of action for an alleged constitutional violation.").

Similarly, the Thirteenth Amendment clearly has no application to the facts of this case. The Thirteenth Amendment declares that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the parties shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. "To establish a violation of the Thirteenth Amendment, a defendant's conduct must have forced a plaintiff to perform labor through threats of physical or legal sanctions." White v. S. C. Dep't of Social Servs., No. C/A 3:01-2926-24BC, 2003 WL 22989086 (D. S.C. Feb. 6, 2003). The Thirteenth Amendment does not provide an independent cause of action for discrimination. See

Holland v. Bd. Of Trustees of the Univ. of D.C., 794 F. Supp. 420, 424 (D.D.C. 1992) ("The thirteenth Amendment does not give rise to an independent cause of action; plaintiffs in discrimination suits must confine themselves to remedies such as 42 U.S.C. § 1981 adopted pursuant to Section 2 of that amendment."); Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 614 (W.D. Tex. 2005) ("This claim is nothing more than employment discrimination and retaliation claims disguised under the rubric of the Thirteenth Amendment. It has nothing to do with the evils the Thirteenth Amendment was meant to remedy."). Accordingly, to the extent Plaintiffs' supposed discrimination claim relies on the Thirteenth Amendment it should be dismissed.

### IV. This Court Lacks Jurisdiction to Hear this Disguised Contract Claim Under the INFRA Contracts, and it Must Be Brought Before the Court of Federal Claims.

As noted above, "[a] court may only exercise jurisdiction over the Government pursuant to 'a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver.'" Dolan v. U.S. Postal Serv., 546 U.S. 481, 498 (2005). Congress waived sovereign immunity when it permitted lawsuits under the Contract Disputes Act ("CDA")[10] and the Tucker Act. See Motorola, Inc. v. Perry, 917 F. Supp. 43, 46. However, that waiver must be strictly construed, and the statutes prevent this Court from exercising jurisdiction.

---

[10] Plaintiffs admit to abiding by the CDA in challenging the alleged breaches of their 8(a) contracts. See Complaint at ¶ XI ("[T]he Plaintiff's challenged [the altering of contract codes] under the Contract Disputes Act, the Competition in Contracting Act (CICA) of 1984, and the Federal Acquisition Regulation (FAR). . . . These violations were included in Plaintiffs' still unanswered Certified Formal Claim and Request for Decision of December 11, 2006. . . ."). Despite initiating their contract dispute pursuant to the CDA, Plaintiffs attempt to circumvent the jurisidictional limitations of the CDA through this suit.

Based on the organization of the Complaint, it is not clear at the outset whether Plaintiffs are formally bringing a claim for breach of contract.  The Complaint does not contain a count for breach of contract as it does for its RICO claim.  See Complaint at ¶¶ XXII-XXXIII.  However, Plaintiffs do make allegations sounding in breach of contract throughout the Complaint.  Complaint at ¶¶ VIII-XI, XIII-XIV, XVI-XIX, XXI.  Additionally, Plaintiffs claim "over 5.7 million dollars in denied profit."  Complaint at ¶¶ IX, XIX (citing Exhibit 4  - Calculation of USDA Forest Service Damages to Pixl Inc. As of June 25, 2007, including legal expenses, lost profit, interest on lost profit, unpaid invoices, and the difference in fiscal year 2006 and 2007 billing rates).  Plaintiffs separately note the denial of Pixl profits of $640,000, Complaint at ¶ X, and request punitive and exemplary damages in the amount of $300,000, Complaint at ¶ XXI.  Thus, although disguised, this is a suit for breach of contract.

Plaintiffs cannot proceed in this Court on a breach of contract claim.  The Tucker Act waives sovereign immunity of the United States for contract claims, but rests exclusive jurisdiction over those claims in the United States Court of Federal Claims.  See 28 U.S.C. § 1491(a)(1).  See also United States v. Mitchell, 463 U.S. 206, 215 (1983); Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003).  Plaintiffs attempt to plead around this jurisdictional requirement, but the Court of Appeals has held:

> The plain language of a complaint . . . does not necessarily settle the question of Tucker Act jurisdiction. . . . This is because plaintiffs can bypass Tucker Act jurisdiction by converting complaints which "at their essence" seek money damages form the government into complaints requesting injunctive relief or declaratory actions. [citation omitted]  Because this forum shopping circumvents a primary purpose of the Act – to ensure that a central judicial body adjudicates most claims against the United States Treasury, see United States v. Hohri, 482 U.S. 64, 71-73, 107 S. Ct.  2246, 2251-52, 96 L. Ed. 2d 51 (1987) (describing goal of uniformity behind creation of Federal Circuit); Vietnam Veterans of America v.

15

> Secretary of the Navy, 843 F.2d 528, 534 (D.C. Cir. 1988) (recognizing the Tucker Act's interest in uniformity). . . . To enforce this prohibition on the creative drafting of complaints, we look to the complaint's substance, not merely its form. See, e.g., Amoco Prod. Co. v. Hodel, 815 F.2d 352, 361 (5th Cir. 1987), cert. denied, 487 U.S. 1234, 108 S. Ct. 2898, 101 L. Ed. 2d 932 (1988). Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government.

Kidwell v. Dep't of the Army, Board for Correction of Military Records, 56 F.3d 279, 284 (D.C. Cir. 1995) (discussing jurisdiction to grant declaratory relief where a Tucker Act remedy also is available); see also, Suburban Mortgage Ass'n, Inc, v. U.S. Dep't of Housing and Urban Development, 480 F.3d 1116, 1124 (Fed. Cir. 2007) ("To thwart such attempted forum shopping, our cases have emphasized that in determining whether a plaintiff's suit is to be heard in district court or the Court of Federal Claims, we must look beyond the form of the pleadings to the substance of the claim."); Metadure Corp. v. United States, 490 F. Supp. 1368, 1372 (S.D.N.Y 1980) (plaintiffs "may not, by the simple expedient of lumping its contract claims together and denominating them a constitutional violation, escape the procedural limitations of the Tucker Act").

Plaintiffs' claims are based upon an express contract and seek damages greater than $10,000. Complaint at ¶ II. Therefore, jurisdiction over Plaintiffs' claim, if it exists anywhere, resides not in this Court, but rather in the United States Court of Federal Claims.

## **CONCLUSION**

Wherefore, for all of the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice, and any remaining contract claims should be transferred to the Court of Federal Claims.

Respectfully submitted,


/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843


Agency Counsel:

Mark G. Garrett
Office of the General Counsel
Room 3311, South Building
14th and Independence Avenue, SW
Washington, D.C. 20250-1415

17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
ARCHANA SAGAR, et al.,             )
                                   )
    Plaintiffs,                    )
                                   )
    v.                             )    Civil Action No.  07-1150 (RCL)
                                   )
CHUCK CONNER, in his capacity as   )
    Acting Secretary of the United States  )
    Department of Agriculture      )
                                   )
    Defendant.                     )
_____)

**ORDER**

Upon consideration of Defendant's Motion to Dismiss or, in the Alternative, to Transfer to the Court of Federal Claims, the Plaintiff Opposition thereto, it is this _____ day of _____, 2007

    ORDERED that the motion is GRANTED, and it is further

    ORDERED that this matter is dismissed with prejudice.


                                              _____
                                              ROYCE C. LAMBERTH
                                              UNITED STATES DISTRICT JUDGE